```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| BRIAN BOOKER, | ) |
|     Plaintiff, | ) ) |
| v. | )    No. 23-cv-02725-SHL-tmp |
| DELTA AIR LINES, INC., | ) ) |
|     Defendant. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART AS MOOT PLAINTIFF'S MOTION TO COMPEL**

Before the court by order of reference is plaintiff Brian Booker's motion to compel defendant to supplement its discovery responses, filed August 16, 2024. (ECF Nos. 26, 28.) Defendant Delta Air Lines, Inc., filed its response on September 6, 2024. (ECF No. 30.) On September 11, 2024, the undersigned directed plaintiff to reply; plaintiff filed his reply brief on September 13, 2024. (ECF Nos. 32, 33.) For the reasons below, the motion is GRANTED in part and DENIED in part as moot.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

First, in his reply, plaintiff responds that defendant has "adequately amended its Responses to Request for Production No. 34

and Interrogatory Nos. 1 and 6." (ECF No. 33 at PageID 126.) The court therefore DENIES plaintiff's motion to compel as moot regarding plaintiff's Request for Production No. 34 and Interrogatory Nos. 1 and 6.

Second, in his reply, plaintiff reiterates his Request for Production No. 33 for the personnel records and disciplinary history of Marla Goodwin, his coworker who plaintiff alleges is a relevant comparator. (Id. at Page ID 126-27; ECF No. 26-1 at PageID 111-12.) Defendant claims that these records are sensitive and irrelevant and should be exempted from discovery. (ECF No. 30 at PageID 122.) Alternatively, should they be produced, defendant asks that they only be viewed by plaintiff's counsel. (Id.) According to plaintiff, "the parties have agreed on a proposed protective order," which defendant has not yet submitted to the court. (ECF No. 33 at PageID 127.)

"Discrimination cases frequently turn on whether the plaintiff can identify one or more comparators who are similarly situated in all relevant respects." Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 753 (6th Cir. 2012), abrogated on other grounds by Univ. of Texas Sw. Med. Ctr. V. Nassar, 570 U.S. 338 (2013). Plaintiff alleges that, following his return to work after being forced to remain on leave during the pendency of his reasonable accommodation process, he was denied an interview for the vacant position of Operations Service Manager despite being qualified for

the job. (ECF No. 33 at PageID 127.) Plaintiff's supervisor instead interviewed and hired Goodwin. (Id.) Based on these allegations, Goodwin is a potential comparator, and defendant cannot unilaterally decide that Goodwin is not a relevant comparator and withhold potentially relevant and admissible evidence. See Bobo, 665 F.3d at 753 ("The refusal of a defendant to disclose requested comparator information denies plaintiff the opportunity to determine whether the evidence actually reveals comparator status and different treatment, critical elements of the claim that the trier of fact must determine."); see also Clay v. United Parcel Serv., Inc., 501 F.3d 695, 712 (6th Cir. 2007) (reversing the grant of summary judgment for the employer defendant in part because the employer failed to produce requested information of relevant comparators).

For this reason, the court GRANTS plaintiff's motion with respect to Goodwin's personnel records, which will be produced subject to an attorneys-eyes-only protective order, and orders defendant to produce these records by September 24, 2024. The court further orders the parties to submit a proposed protective order to the court by September 24, 2024.

Third, plaintiff provides that "[d]efendant maintains its erroneous objection based on attorney-client privilege regarding Interrogatory Nos. 3 and 4." (ECF No. 126 at PageID 127.) Citing Barnard v. Powell Valley Electric Cooperative, No. 3:18-CV-537-

CEA-DCP, 2021 WL 6275267 (E.D. Tenn. Mar. 5, 2021), plaintiff argues that this information must be produced because attorney-client privilege "is impliedly waived when an attorney was involved in the alleged reasonable accommodation process." (ECF No. 33 at PageID 127.) Plaintiff further asserts that defendant has "neglect[ed] to provide a privilege log pursuant to Fed. R. Civ. P. 34(b)(2)(C)." (Id. at PageID 128.)

The court finds plaintiff's motion premature with regard to defendant's claim of attorney-client privilege. Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that a party claiming a privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Here, defendant has not yet provided a description of the allegedly privileged material. Without a meaningful backdrop against which to assess it, the court cannot determine whether defendant has waived any privilege based on counsel's alleged involvement in the reasonable accommodation process. Accordingly, the court finds that plaintiff's motion to compel regarding potentially privileged documents is not ripe for decision. Plaintiff may renew his motion after the defendant produces a privilege log identifying its bases for any privilege claims pursuant to Federal Rule of Civil Procedure

26(b)(5)(A)(ii). Defendant is ordered to provide plaintiff with a privilege log by September 24, 2024.

Lastly, defendant is ordered to verify Defendant's Amended Responses to Plaintiff's Interrogatories by September 24, 2024.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 17, 2024
Date
