# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN BOOKER, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) | No. 2:23-cv-02725-SHL-tmp |
| DELTA AIR LINES, INC., | ) ) ) | |
|    Defendant. | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANT TO SUPPLEMENT ITS DEFICIENT DISCOVERY RESPONSES**

On October 17, 2024, Plaintiff Brian Booker filed his Second Motion and Memorandum to Compel Defendant to Supplement its Deficient Discovery Responses, or in the Alternative, for Relief Under Fed. R. Civ. P. 37(c)(1) and (e). (ECF No. 38.) Booker seeks an order compelling Defendant Delta Air Lines, Inc. to produce documents showing that employees other than Booker received a final corrective action notice for a violation of Delta's buddy pass policy within the past five years.[1] (Id. at PageID 154.) Booker also requests sanctions under Rule 37(c)(1) and (e). (Id.) Delta responded on October 18, 2024, asserting that the request's five-year scope necessitates additional time to produce the documents. (ECF No. 39 at PageID 162.) Because Delta has already taken double the amount of time allotted for its response, and now seeks ten days more than that, Booker's motion to compel the documents is **GRANTED**.

As far as the Court can tell from the filings, Delta has never responded to requests for

---

[1] Booker also asks the Court to order Delta to correct the date of service on its Responses to Booker's Second Set of Requests for Admission (ECF No. 38 at PageID 154), which Delta has already done (ECF No. 39 at PageID 161). Delta dated its responses for September 24, 2024, despite serving them on October 7, 2024. (ECF No. 38 at PageID 152.) The Court does not believe that this is the proper subject of a motion to compel, and Booker did not consult with Delta about the error before filing his motion—Delta first learned about it after reading the motion and quickly served a corrected version. (ECF No. 39 at PageID 161.) Thus, the motion to compel the correction is **DENIED AS MOOT**.

production within the thirty-day deadline provided by Federal Rule of Civil Procedure 34(b)(2)(A).  Delta asked Booker for twenty-four extra days to submit responses to his first set of requests, and it took almost two months after that for Delta to supplement them in response to Booker's deficiency notice.  (ECF No. 35 at PageID 135–36.)  On the day Delta's responses to the second set of requests were due, it requested an additional week to submit them.  (ECF No. 38 at PageID 152.)  To date, it has not provided documents responsive to the request at issue, thirty days after the original deadline.  (Id. at Page ID 152–54.)  And Delta now states that it needs ten more days to produce the documents.  (ECF No. 39 at PageID 162.)

In most circumstances, informal agreements extending discovery deadlines might not be a problem—indeed, Rule 29 explicitly allows them without court approval if the extension does not "interfere with the time set for completing discovery, for hearing a motion, or for trial."  Fed. R. Civ. P. 29(b).  But Delta's repeated requests for extensions have affected the scheduling order.  The Court already had to extend the deadlines for completing discovery and dispositive motions. (ECF No. 36.)  And the parties will end up in another scheduling crunch because of Delta's failure to respond to discovery in a timely manner if the Court does not intervene here.  Booker's motion to compel the documents is **GRANTED**.  Delta is **ORDERED** to produce documents responsive to Request for Production No. 79 by **Wednesday, October 23, 2024**.  Booker's request for sanctions is **DENIED**.

**IT IS SO ORDERED,** this 18th day of October, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE